I believe the trial court applied the proper standard in its final order. Therefore, I respectfully dissent.
The main opinion states that the trial court erred in applying the Howard test, which requires proof of both medical and legal causation in cases involving nonaccidental injuries. Instead, the main opinion concludes that the injury sustained by the plaintiff was an accidental injury. I do not interpretEx parte Trinity Industries, Inc. 680 So.2d 262 (Ala. 1996), as defining the term "accidental injury" so broadly. In fact, theTrinity Industries court implied the use of a very limited definition of an accidental injury in a footnote pertaining to the phrase "sudden and traumatic external event." 680 So.2d at 266. The footnote refers to accidents in the "colloquial" sense, such as a construction worker's being struck by a falling hammer or slipping off a ladder. Id.
The Trinity Industries court stated the test for causation applicable to "accidental injuries" and explained how that test differed from the test for causation applicable to "nonaccidental" injuries.[4] 680 So.2d at 266. If an employee suffers an "accidental injury," he is required to establish legal causation by proving that the accident occurred and is required to establish medical causation by proving that the accident was a contributing factor in causing the injuries of which he complains. If, on the other hand, the employee suffers a "nonaccidental" injury, then the employee is required to establish legal causation by proving that " 'the performance of the duties for which he [or she] is employed . . . expose[d] [him or her] to a danger or risk materially in excess of that to which people not so employed are exposed [ordinarily in their everyday lives].' " 680 So.2d at 266 (quoting City ofTuscaloosa v. Howard, 55 Ala. App. 701, 318 So.2d 729
(Ala.Civ.App. 1975)). Medical causation is established in a "nonaccidental" injury claim "by producing evidence tending to show that the particular exposure to risk proven in regard to [legal causation] 'was in fact [a] contributing cause of the [complained-of] injury.' " 680 So.2d at 266, 267 (citingHoward, 55 Ala. App. at 706, 318 So.2d at 732). The TrinityIndustries court explained that the separate standards establishing causation applicable to "accidental" as opposed to "nonaccidental" tests are necessary in order to satisfy the requirement that the injury was proximately caused by the employment. 680 So.2d at 267, 268. The court in TrinityIndustries emphasized that without the separate standards for causation, a person who suffers an injury
 "unrelated to any job-related risk, would be able to recover under our workers' compensation statute merely because he or she was lucky enough to have the disabling event resulting from that natural cause occur at the place of employment or just after the employee has left the place of employment. Such a result was not intended by the legislature when it enacted our workers' compensation law."
680 So.2d at 267.
Further, the Trinity Industries court provided the following explanation of the requisite proof: *Page 1288 
 "A claimant does not have to show any 'unusual strain or overexertion' in order to satisfy the first prong of the Howard standard. Rather, to establish 'legal causation,' one seeking redress under the Workers' Compensation Act for 'nonaccidental' injuries need only establish that the performance of his or her duties as an employee exposed him or her to a danger or risk materially in excess of that to which people are normally exposed in their everyday lives."
680 So.2d at 267.
I conclude that the trial judge correctly assessed the claimant's injury in this case as nonaccidental and properly applied the Howard test. I would, therefore, affirm the judgment of the trial court.
[4] The court defined "nonaccidental injuries" as injuries "not produced by some sudden and traumatic external event." Id. at 266.